WHATLEY, Judge.
In this appeal of the order terminating his parental rights to W.D., the Father argues that there was no clear and convincing evidence that there were no suitable permanent custody arrangements with relatives of the child. Specifically, he argues that the Department of Children and Family Services (DCF) failed to investigate the suitability of his mother as a placement. The trial court found that the paternal grandmother was not a credible alternative placement and that she was a red herring because the Father did not raise her as a possible placement until the adjudicatory hearing.
The problem with the trial court’s finding regarding the paternal grandmother is that it improperly placed the burden on the Father to come forward with her name as a possible relative placement when DCF had been on notice that she was a possible placement since entry of the shelter order. That order directed DCF to begin proceedings with regard to the paternal grandmother pursuant to the Interstate. Gompact. on the Placement of Children (ICPC). In addition, Florida Administrative Code Rule 65C-13.020(l)(a)(2) requires that DCF insure that “[a]ll possible relatives ' have béen ' explored as a placement resource for the child.” Section 39.810(1), Florida Statutes (2002), requires trial courts to evaluate, inter alia, “[a]ny suitable permanent custody arrangement with a relative of the child” in determining the manifest best interests of the child. See V.W. v. Dep’t of Children & Family Servs. (In re L.B.W.), 863 So.2d 480 (Fla. 2d DCA 2004). An order terminating parental rights must be supported by clear and convincing evidence that’termination is in the manifest best interests of the child. Id.
The trial court’s determination that the paternal grandmother is not a credible relative placement is not supported by clear and convincing evidence because DCF admitted that it never evaluated the paternal grandmother’s suitability as a placement.
Accordingly, we reverse the order terminating the FatheFs rights to W.D. and remand with directions that the suitability of the paternal grandmother as a relative placement be considered consistent with the aforementioned authorities. If the paternal grandmother is determined to be a suitable relative placement, the trial court must then determine whether - it is in W.D.’s best interests to be placed with her.
Reversed and remanded for further proceedings.
FULMER and SILBERMAN, JJ., concur.